```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

MARK JARECKE,                   :
                                :
    Plaintiff,                  :
                                :           PRISONER
V.                              :   Case No. 3:10-CV-621(RNC)
                                :
BRIAN MURPHY, ET AL.,           :
                                :
    Defendants.                 :

### INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 against several employees of the Department of Correction ("DOC"). The complaint contains two principal claims. First, plaintiff alleges his community release privilege was wrongfully revoked and he was wrongfully removed from Rogers House, a community release program for men with mental health issues under the supervision of the DOC. Second, he alleges that DOC personnel have been deliberately indifferent to his mental health care needs.

The Court is required to review the complaint and dismiss any part of it that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915A. A district court may dismiss a suit that is duplicative of another federal suit. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). A party has no right to maintain two lawsuits against the same parties in the same court at the same time. Id. at 138-39.

Plaintiff filed this action on April 22, 2010. Ten days

earlier, he filed an action entitled Jarecke v. Murphy, et al., No. 3:10-CV-552(RNC), which remains pending.  All the defendants in this action are also named in the prior action.  All the allegations in the present complaint are contained in the prior complaint, which also includes additional defendants, allegations and exhibits.  Because all the claims and defendants in this action are included in the prior action this action is dismissed under the prior pending action doctrine.

The Court notes that plaintiff has filed motions for appointment of counsel and a preliminary injunction in the present action.  Neither motion has been filed in the prior action.  The Clerk is hereby directed to docket copies of both motions in the prior action.  The Court notes that the motion for a preliminary injunction refers to but does not include exhibits A-Z.  If plaintiff wants the Court to consider those exhibits, he must file them in the prior action, docket number 3:10-CV-552(RNC).

Accordingly, the complaint is hereby dismissed without prejudice.  The Clerk is directed to close the case and docket copies of plaintiff's motions for appointment of counsel (doc. 3) and a preliminary injunction (doc. 4) in Jarecke v. Murphy, et al., No. 3:10-CV-552(RNC).

So ordered this 12th day of May 2010 at Hartford, Connecticut.

                                        /s/RNC
                            Robert N. Chatigny
                      United States District Judge